**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Squire Motor Inns Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Fireman's Fund Insurance Company,<br><br>Defendant. | No. CV-21-08157-PCT-MTL<br><br>**ORDER**<br><br>**NOT FOR PUBLICATION** |

Defendant Fireman's Fund Insurance Company ("FFIC") filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 12.) Instead of responding, Plaintiff Squire Motor Inns Incorporated ("Squire") filed a Motion to Amend its Complaint. (Doc. 16.) FFIC opposed. (Doc. 19.)

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of allowing leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). Factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether the plaintiff has previously amended his or her pleadings. *Foman*, 371 U.S. at 182; *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

FFIC has not carried its burden in opposing Squire's motion. Most importantly, FFIC makes no argument as to how Squire's amended pleading would cause prejudice to

FFIC.  (*See* Doc. 19.)  In fact, FFIC does not raise any arguments regarding undue delay, bad faith or dilatory motive.  *See Foman*, 371 U.S. at 182.  And this is Squire's first motion to amend.  *Id.*  Instead, FFIC focuses the entirety of its analysis on what it deems to be the futility of Squire's arguments.  (*Id.* at 6–11.)  While futility can, by itself, justify the denial of leave to amend a complaint, FFIC does not show that the complaint is futile.[*]  *Bonin*, 59 F.3d at 845; *Robinson v. Bank of New York Mellon*, No. CV 10-1829-PHX-FJM, 2011 WL 810658, at *1 (D. Ariz. Mar. 4, 2011).  The majority of FFIC's arguments are merits-based, and the Court finds that these arguments are more properly presented through merits-based motion practice.  *Cf. Steward v. CMRE Fin. Servs., Inc.*, No. 2:15–cv–00408, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015) (discussing preference for deferring substantive arguments until after the amended pleading has been filed and those arguments are raised in motion practice).  Accordingly, the Court, in the interest of justice, will grant Plaintiff's motion for leave to amend.

Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 16) is **granted.**  Plaintiff must file a separate clean copy of the Amended Complaint within 7 days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Case (Doc. 12) is **denied** as moot.

**IT IS FINALLY ORDERED** that the Defendants must file their responsive pleadings **no later than 14 days** after the filing of the Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(3).

Dated this 8th day of November, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[*] The Court expresses no opinion as to the viability of the newly added claims or the merits of a motion to dismiss, and nothing in this order shall be construed as precluding Defendant from bringing a motion to dismiss.